LARIVIERE, GRUBMAN & PAYNE, LLP
Robert W. Payne, Esq. (Bar No. 073901)
Alan E. Engle, Esq. (Bar No. 224779)
Nicole A. Smith, Esq. (Bar No. 243823)
Christopher J. Passarelli, Esq. (Bar No. 241174)
Post Office Box 3140
19 Upper Ragsdale Drive
Monterey, CA 93942-3140
Telephone: (831) 649-8800
Facsimile: (831) 649-8835

Attorneys for Plaintiff

E-FILING     FILED
ADR
2007 SEP 26  P 1: 53
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

Fee Paid
S1
(9)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLUCK-U, CORP., a Maryland corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CLUCK UNIVERSITY CHICKEN OF PALO ALTO, LP, d/b/a UNIVERSITY CHICKEN SANTA CLARA, a California limited partnership; CLUCK UNIVERSITY CHICKEN OF SAN JOSE, LP, a California limited partnership; UC RESTAURANT MANAGEMENT, INC., a California corporation; UNIVERSITY CHICKEN, INC., a California corporation; UNIVERSITY CHICKEN FRESNO, LP, a California limited partnership; UNIVERSITY CHICKEN SAN JOSE, LLC, a California limited liability company; Michael C. Borneo, an individual; and DOES 1-50, inclusive.<br><br>Defendants. | NO. C07 04986 EMC<br><br>COMPLAINT FOR:<br><br>(1) TRADEMARK INFRINGEMENT<br>(2) TRADE DRESS INFRINGEMENT<br>(3) COPYRIGHT INFRINGEMENT<br>(4) TRADE SECRET MISAPPROPRIATION<br>(5) UNFAIR COMPETITION<br>(6) UNFAIR BUSINESS PRACTICES<br>(7) PROMISSORY ESTOPPEL<br>(8) UNJUST ENRICHMENT<br>(9) INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE<br>(10) CONCEALMENT<br>(11) CONSTRUCTIVE FRAUD<br><br>JURY TRIAL DEMANDED |

Plaintiff, CLUCK-U, CORP. (hereafter "CLUCK-U") alleges as follows:

<u>JURISDICTION AND VENUE</u>

1. This action arises under 15 U.S.C. §1125 et seq. Jurisdiction is therefore proper under

COMPLAINT                              -1-

28 U.S.C. §§1331, 1332, and 1338.

2. Pendent or supplemental jurisdiction of this Court exists for the state law claims stated herein, each of which arise out of a common nucleus of operative facts with those from which the federal claims arise.

3. Venue in this judicial district is proper under 28 U.S.C. §1391 (b) and (c). Defendants have on a continual basis committed the acts alleged below within the Northern District of California, in business interactions purposefully elicited by defendants with or directed to residents of said District, including, inter alia, actively soliciting and causing infringing sales within and from the District, promotion and media advertising within said district, and other use of the infringing marks which harms plaintiff within said district.

## THE PARTIES

4. Plaintiff CLUCK-U, CORP. is a corporation existing under the laws of Maryland, with its principal place of business in Maryland.

5. Plaintiff is informed and believes, and based thereon alleges, that defendant CLUCK UNIVERSITY CHICKEN OF PALO ALTO, L.P. d/b/a UNIVERSITY CHICKEN SANTA CLARA, is a California limited partnership, having its principal place of business in Palo Alto, California.

6. Plaintiff is informed and believes, and based thereon alleges, that defendant CLUCK UNIVERSITY CHICKEN OF SAN JOSE, L.P., is a California limited partnership, having its principal place of business in Woodside, California.

7. Plaintiff is informed and believes, and based thereon alleges, that defendant UNIVERSITY CHICKEN FRESNO, L.P., is a California limited partnership, having its principal place of business in Fresno, California.

8. Plaintiff is informed and believes, and based thereon alleges, that defendant UNIVERSITY CHICKEN SAN JOSE, LLC, is a California limited liability company, having its principal place of business in San Francisco, California.

9. Plaintiff is informed and believes, and based thereon alleges, that defendant UC RESTAURANT MANAGEMENT, INC., is a California corporation, having its principal place of

business in Woodside, California.

10.     Plaintiff is informed and believes, and based thereon alleges, that defendant UNIVERSITY CHICKEN, INC., is a California corporation, having its principal place of business in Woodside, California.

11.     Plaintiff is informed and believes, and based thereon alleges, that defendant Michael C. Borneo (hereafter "Borneo"), is a natural person and resident of Fair Haven, New Jersey.

12.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint when the true names and capacities of said defendants have been ascertained. Plaintiff is informed and believes and thereon alleges that said DOES, and each of them, are legally responsible in some manner for the events and happenings referred to herein, and proximately caused or contributed to the injuries and damages to Plaintiff as herein alleged.

13.     Plaintiff is informed and believes and thereon alleges that each and every defendant was the agent and employee of each of the remaining defendants, and in doing the things herein alleged acted within the course and scope of said agency and employment.

14.     Plaintiff is informed and believes and thereon alleges that there exists, and at all times herein mentioned there has existed, a unity of interest and ownership between defendants, defendant business entities: CLUCK UNIVERSITY CHICKEN OF PALO ALTO, L.P., d/b/a UNIVERSITY CHICKEN SANTA CLARA; CLUCK UNIVERSITY CHICKEN OF SAN JOSE, L.P., UNIVERSITY CHICKEN FRESNO, L.P.; UNIVERSITY CHICKEN SAN JOSE, LLC; UNIVERSITY CHICKEN, INC.; UC RESTAURANT MANAGEMENT, INC. (hereinafter collectively referred to as "Defendant Business Entities"), Borneo and Does 1-50 (hereinafter collectively referred to as "Defendants") such that any individuality and separateness between defendant Borneo and the Defendant Business Entities, and in and among Defendant Business Entities, and Does 1-50 have ceased, and Defendant Business Entities are the alter ego of the named individual defendant and of each other in that:

COMPLAINT                            -3-

a) Defendant Business Entities were conceived, intended, and used by said defendants as a device to avoid individual liability and for the purpose of substituting a financially insolvent company in the place of said defendants.

b) Defendant Business Entities are, and at all times herein mentioned were, so controlled by said individual defendant such that the monies and business activities of the Defendant Business Entities and of said individual defendant are commingled and intermingled; the credit of one is used for the credit of the other; the obligations of each individual defendant and of the Defendant Business Entities are paid by one another; and as a result of the foregoing, Defendant Business Entities are the instrumentality, conduit, adjunct, and alter ego of one another and of the individual defendants.

c) Defendant Business Entities are, and at all times mentioned herein were, a mere shell, instrumentality, and conduit through which defendant Borneo and Does 1-50 carried on business operations in the name of said business entities exactly as they had conducted it prior to formation, exercising complete control and dominance of such business entities to such an extent that any individuality or separateness of Defendant Business Entities and defendants, Borneo, and Does 1-50 does not, and at all times mentioned herein did not, exist.

d) Defendant Business Entities are, and at all times herein mentioned were, controlled, dominated, and operated by defendants Borneo and Does 1-50 as their individual businesses and alter egos, in that the activities and business of the defendants were carried out without application to prescribed entity formalities, proceedings, and

directorship approval.

e) Defendants, and each of them, conducted business on the respective premises as a single entity without definition of any separateness between said defendants.

15. Adherence to the fiction of the separate existence of Defendant Business Entities as entities distinct from defendants Borneo and Does 1-50 would permit an abuse of the corporate privilege and would sanction said defendants' fraud upon plaintiff.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

16. From and after January 1, 1985, and continuing to date, plaintiff has been doing business in the United States, using in commerce the mark "CLUCK-U-CHICKEN" and related marks as a trademark in connection with fast food restaurant services.

17. Plaintiff has acquired trademark rights to the mark "CLUCK-U CHICKEN," and related marks, both at common law from and after said date and further by virtue of registrations and applications for registration with the United States Patent and Trademark Office, including, inter alia, federal Trademark Registration Application Serial No. 77/285,875.

18. Plaintiff has acquired trademark rights to the mark "UNIVERSITY CHICKEN," and related marks, both at common law from and after said date and further by virtue of registrations with the United States Patent and Trademark Office, including, inter alia, federal Trademark Registration No. 3137573, a true copy of which is attached hereto as Exhibit A.

19. Plaintiff has acquired other intellectual property, including but not limited to trademark, copyright, trade secret and trade dress rights by virtue of its use in commerce of various menus, menu item names, recipes, logos, trade names, restaurant decor and styles of doing business.

20. Plaintiff has extensively advertised and promoted said marks and other intellectual property. Moreover, plaintiff has invested substantial time, energy and resources to develop said marks and intellectual property. Each of plaintiff's marks are strong marks, being inherently arbitrary, fanciful, distinctive or suggestive.

21. From and after December, 2006, Plaintiff became aware that Defendants, and each of them, had been engaged in use in commerce of the confusingly similar mark "UNIVERSITY

COMPLAINT -5-

CHICKEN" while also continuing to use the mark "CLUCK UNIVERSITY CHICKEN" and related marks in connection with the promotion, advertising, offering for sale, sale and licensing for goods and services or other use in commerce as an indicator of origin for fast food restaurant services.

22. Plaintiff is informed and believes, and based thereon alleges, that from and after June 26, 2002, defendants Borneo, CLUCK UNIVERSITY CHICKEN OF PALO ALTO, L.P., d/b/a UNIVERSITY CHICKEN SANTA CLARA; CLUCK UNIVERSITY CHICKEN OF SAN JOSE, L.P., UNIVERSITY CHICKEN FRESNO, L.P.; UNIVERSITY CHICKEN SAN JOSE, LLC; UNIVERSITY CHICKEN, INC.; and UC RESTAURANT MANAGEMENT, INC. continued to use in the conduct of business operations plaintiff's copyrighted images and text, trade dress, and trade secret and proprietary confidential information without plaintiff's permission.

23. Plaintiff thereafter demanded that defendants cease such use, and received assurances from defendants that they had done so.

24. Plaintiff is informed and believes, and based thereon alleges that defendant Borneo affirmatively misrepresented to plaintiff the fact that defendants would no longer continue to use plaintiff's intellectual property. Plaintiff is informed and believes, and based thereon alleges that said defendants continued or resumed their ongoing use of plaintiff's intellectual property, without plaintiff's awareness, all to plaintiff's injury. In or about December, 2006, Plaintiff learned that defendants, and each of them, had commenced operations in Fresno and San Jose in addition to their original location in Santa Clara. Plaintiff only became aware of the above-alleged subsequent misuse by defendants, contrary to prior assurances, on or about December, 2006.

## COUNT I

(Trademark Infringement)

25. As and for a cause of action against defendants, and each of them, plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

26. Plaintiff is informed and believes and based thereon alleges that defendants, and each of them have created a likelihood of confusion with plaintiff's marks in the relevant marketplace

COMPLAINT                           -6-

as to source, sponsorship, affiliation, or authorization to plaintiff' damage, thereby constituting infringement of plaintiff's registered and unregistered trademarks and service marks.

27. As a proximate result of defendants' above-described conduct, plaintiff is informed and believes and based thereon alleges that it has been damaged in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

28. At all material times, defendants acted in bad faith, oppressively and maliciously toward plaintiff, with willful intent for the purpose of trading upon plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so, and with intent to injure plaintiff, thereby entitling plaintiff to treble damages against defendants, and each of them, in an unascertained amount. Plaintiff will seek leave to amend this Complaint when such damages have been ascertained.

29. The above described acts of defendants have caused and are continuing to cause irreparable injury to plaintiff, for which plaintiff has no adequate remedy at law, and defendants will continue to do so unless enjoined by this Court.

WHEREFORE, plaintiff prays for judgment as hereafter set forth.

## COUNT II

### (Trade Dress Infringement)

30. As and for a cause of action against defendants, and each of them, plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

31. On information and belief, plaintiff alleges that at all relevant times defendants, and each of them, have infringed plaintiff's distinctive restaurant trade dress by offering restaurant services which are confusingly similar to those offered by plaintiff.

32. On information and belief, plaintiff alleges that defendants, and each of them, will continue to infringe said trade dress as alleged herein, unless restrained or enjoined by the Court, all to the loss and injury of plaintiff.

33. On information and belief, plaintiff alleges that defendants, and each of them, have enjoyed sales and revenues by the alleged acts of infringement, which have deprived plaintiff of the

same, causing plaintiff additional injury and loss of profits in an unascertained amount. Plaintiff will seek leave to amend this Complaint when the same has been ascertained.

WHEREFORE, plaintiff prays for judgment as hereafter set forth.

## COUNT III

(Copyright Infringement)

34. As and for a cause of action against defendants, and each of them, plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

35. On information and belief, plaintiff alleges that defendants, and each of them, have infringed one or more of plaintiff's copyrights by displaying in its restaurants during the course of business operations and on the internet at www.universitychicken.com images to which the plaintiff owns copyrights, without plaintiff's permission. Said copyrighted images have been displayed at defendants' restaurants and in connection with defendants' internet-based advertising and promotions.

36. On information and belief, plaintiff alleges that defendants have further infringed one or more of plaintiff's copyrights by copying text and other materials created by plaintiff and to which plaintiff owns copyrights, without plaintiff's permission. Said text and other materials have been displayed at defendants' restaurants and in connection with defendants' internet-based advertising and promotions.

37. Plaintiff intends to file applications to register each of said copyrights and will seek leave of this Court to amend this Complaint once said registrations issue.

38. On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so, and said acts have caused and continue to cause plaintiff damage.

WHEREFORE, plaintiff prays for judgment as hereafter set forth.

## COUNT IV

(Trade Secret Misappropriation)

39. As and for a cause of action against defendants, and each of them, plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

40. Over the years, and at substantial expense, plaintiff has developed valuable proprietary, confidential trade secret information in relation to its business methods and operations in the provision of fast food restaurant services.

41. Defendants had access to and utilized plaintiff's proprietary trade secret information which was divulged to and acquired by defendant Borneo in confidence for use solely in the business of Cluck-U-Chicken during the course of business operations pursuant to the agreement in effect concerning said operations. Defendants and others have at all time been and remain under written and implied-in-law obligations and duties to hold and use such information only for the benefit of plaintiffs and plaintiff's predecessor in interest, and not to otherwise use or disclose such information.

42. On the basis of information and belief, plaintiff alleges that defendants misappropriated and have continued their misappropriation of plaintiff's trade secrets and confidential information.

43. As a direct and proximate result of said misappropriation, plaintiff has been damaged and defendant has been unjustly enriched in an uncertain amount, and said damages will continue without adequate remedy at law unless defendant is enjoined by the Court.

44. On the basis of information and belief, plaintiff alleges that defendants' misappropriation of plaintiff's trade secrets was done willfully and maliciously, such that plaintiff's damages should be trebled and it attorneys' fees and costs awarded.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

## COUNT V

(Federal Unfair Competition under 15 U.S.C. §1125(a))

45. As and for a cause of action against defendants, and each of them, plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

46. The foregoing actions constitute unfair competition, in violation of 15 U.S.C. §1125(a).

47. As a direct and proximate result of said unfair competition, plaintiff has been damaged and defendant has been unjustly enriched in an uncertain amount, and said damages will continue without adequate remedy at law unless defendant is enjoined by the Court.

48. On the basis of information and belief, plaintiff alleges that defendants' actions were done willfully and maliciously, such that plaintiff's damages should be trebled and its attorneys' fees and costs awarded.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

## COUNT VI

(State Unfair Business Practices under Cal. Bus. & Prof. Code §17200, et seq.)

49. As and for a cause of action against defendants, and each of them, plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

50. The actions of defendants as described hereinabove constitute unfair business practices under California Bus. & Prof. Code §17200, et seq. Plaintiff has suffered injury in fact by defendants' actions.

51. As a direct and proximate result of said unfair competition, plaintiff has been damaged and defendant has been unjustly enriched in an uncertain amount, and said damages will continue without adequate remedy at law unless defendant is enjoined by the Court.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

## COUNT VII

(Promissory Estoppel)

52. As and for a cause of action against defendants, and each of them, plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

53. On information and belief, plaintiff alleges that defendant Borneo made promises and representations to the effect that defendants would cease to operate using plaintiff's intellectual property. Defendants, and each of them, knew and intended that plaintiff would rely upon these representations and plaintiff had the right to believe that such representations were, in fact, true.

54. On information and belief, plaintiff alleges that at the time the representations were made that defendants, and each of them, were fully advised and knew that the representations were not made in good faith.

55. On information and belief, plaintiff alleges that at the time of the representations made by defendant Borneo, plaintiff had no notice of the true facts to put plaintiff on notice that plaintiff could not justifiably rely upon defendant Borneo's representations. Defendants knew or should have known of plaintiff's reliance upon defendant Borneo's representations. Plaintiff was induced to rely upon those representations to its detriment failing to take action against defendants for unauthorized, continued use of plaintiff's intellectual property and the continuing misappropriation by defendants of plaintiff's trade secret and confidential proprietary information.

56. On information and belief, plaintiff alleges that as a direct and proximate result of defendants' failure to comply with the representations and the promises of defendant Borneo, that plaintiff sustained substantial damages as herein alleged.

57. On information and belief, plaintiff alleges that defendant Borneo is estopped to deny his promises, conduct and representations and defendants are estopped from asserting any right to continue the unauthorized use of plaintiff's intellectual property.

58. As a direct and proximate result of said unfair competition, plaintiff has been damaged and defendant has been unjustly enriched in an uncertain amount, and said damages will continue without adequate remedy at law unless defendant is enjoined by the Court.

59. On the basis of information and belief, plaintiff alleges that defendants' actions were done willfully and maliciously, such that plaintiff's damages should be trebled and its attorneys' fees and costs awarded.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

## COUNT VIII

(Quantum Meruit)

60. Plaintiff has provided to defendants work, labor and services which have been rendered within the statutory applicable period of time.

61. On information and belief, plaintiff alleges that plaintiff has devoted time, energy and effort and conferred value in the form of allowing use of the above-referenced intellectual property for the benefit of defendants, and defendants as a result are required to pay at least the reasonable value of such services, for which defendants have failed to pay.

62. On information and belief, plaintiff alleges that defendants have been unjustly enriched and that the reasonable value of unjust enrichment is in an amount heretofore unknown to plaintiffs. Plaintiff will seek to amend this complaint to state the proper amount when such information is ascertained.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

## COUNT IX

(Interference with Prospective Business Advantage)

63. As and for a cause of action against defendants, and each of them, plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

64. By the aforesaid acts, defendants are interfering with plaintiff's prospective business advantage and advantageous relationships with actual and prospective licensees without justification, thereby causing damage to plaintiff.

65. On information and belief, plaintiff alleges that the aforesaid acts were committed with willful intent for the purpose of trading upon plaintiff's goodwill and business reputation, with knowledge of the lack of right to do so, and said acts have caused plaintiff damage.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

## COUNT X

(Concealment)

66. As and for a cause of action against defendants, and each of them, plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

67. On information and belief, plaintiff alleges that defendants engaged in a course of conduct designed to conceal from plaintiff the material information described herein.

68. On information and belief, plaintiff alleges that the concealment includes, but is not limited to, the true intentions of defendants as heretofore described.

69. On information and belief, plaintiff alleges that this course of conduct of concealment by defendants was designed to create a false state of affairs, and to induce plaintiff to forgo further enforcement of its intellectual property rights and the protection of its trade secret and confidential proprietary information.

70. On information and belief, plaintiff alleges that plaintiff was ignorant of defendants' concealment of material facts, and that plaintiff could not, in the exercise of reasonable diligence, have discovered defendants' concealment. Plaintiff relied upon the acts and conduct of defendants in creating a false impression of a state of affairs as hereinbefore alleged. Had plaintiff known of the actual concealment of defendants, plaintiff would not have undertaken such reliance.

71. On information and belief, plaintiff alleges that as a result of defendants' concealment, plaintiff has been damaged. Plaintiff will seek leave to amend this Complaint to allege the true nature and extent of the damages when ascertained.

72. On information and belief, plaintiff alleges that the conduct of defendants in concealing material facts was malicious, wanton and willful and justifies an award of punitive damages.

WHEREFORE, plaintiff prays for judgment as hereinafter set forth.

## COUNT XI

(Constructive Fraud)

73. As and for a cause of action against defendants, and each of them, plaintiff adopts, realleges and incorporates by reference all of the allegations contained hereinabove in paragraphs 1 through the immediately preceding paragraph as though fully set forth.

74. On information and belief, plaintiff alleges that as a result of the relationship existing between plaintiff and defendants, and conduct of the parties, that defendants owed a duty to plaintiff to, among other things, refrain from making false assurances of non-use of plaintiff's intellectual property and to deal in good faith with plaintiff.

75. On information and belief, plaintiff alleges that in breach of the duty owed by defendants to plaintiff, defendants gained an advantage as hereinbefore alleged by intentionally misleading

plaintiff by promising to cease to operate under the Cluck University Chicken name and to cease using plaintiff's intellectual property upon which promise plaintiff relied to its prejudice as hereinbefore alleged.

76. On information and belief, plaintiff alleges that the acts and conduct of defendants constitute constructive fraud as that term is defined in California Civil Code section 1573.

77. On information and belief, plaintiff alleges that as a result of the constructive fraud of defendants that plaintiff has been damaged. Plaintiff will seek leave to amend this Complaint to allege the true nature and the extent of the damages when ascertained.

78. On information and belief, plaintiff alleges that the acts and conduct of defendants which constitute constructive fraud were malicious, wanton and willful and justify an award of punitive damages.

WHEREFORE, plaintiff prays for judgment in their favor and against defendants as follows:

1. An award of monetary damages, including recovery of defendant's profits and the damages sustained by plaintiff, arising from the acts of defendants complained of herein, according to proof;

2. An award of trebled monetary damages, according to proof;

3. An award of prejudgment interest from the date of each wrongful act and recovery of plaintiff' attorneys fees and costs;

4. Injunctive relief against defendants, and each of them, their officers, agents, employees, servants, attorneys, representatives, successors and assigns, and each of them and all others in privity and acting on behalf of or in concert therewith, from using as a trade name, trademark, domain name, telephone number designation, service mark or otherwise referring to itself or their goods or services, comprising or containing the words: CLUCK UNIVERSITY CHICKEN, CLUCK-U CHICKEN, UNIVERSITY CHICKEN, www.universitychicken.com, C.U., C.U.C., U.C., or any acronym of similar appearance, sound or import, and, further, to refrain from use of plaintiff's copyright, trade secret and trade dress rights by virtue of its use in commerce of various menus, menu item names, recipes, logos, trade names, restaurant decor and styles of doing business.

5. A judicial declaration that plaintiff shall have the exclusive right to use the marks and other intellectual property set forth herein and an order that defendants transfer all right, title and interest in and to all of such marks and domain names to plaintiff;

6. An award of plaintiff's attorneys' fees and costs; and

7. Any and all further relief as may be deemed fit and proper.

## JURY TRIAL DEMAND

Pursuant to Fed R. Civ. P. 38(b), 5(d) and Local Rule 3-6, plaintiff demands a jury trial of all issues triable by jury.

Dated: September 24, 2007.

Respectfully submitted,

LaRIVIERE, GRUBMAN & PAYNE, LLP

By: _____
Alan E. Engle
Attorney for Plaintiff

# Exhibit A

Int. Cl.: **43**

Prior U.S. Cls.: **100 and 101**

United States Patent and Trademark Office    Reg. No. 3,137,573
                                             Registered Sep. 5, 2006

## SERVICE MARK
### PRINCIPAL REGISTER

# UNIVERSITY CHICKEN

CLUCK-U CORPORATION (MARYLAND CORPORATION)

4061 POWDER MILL ROAD

BELTSVILLE, MD 20704

FOR: RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 0-0-1988; IN COMMERCE 0-0-1988.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CHICKEN", APART FROM THE MARK AS SHOWN.

SER. NO. 76-608,557, FILED 8-20-2004.

MICHAEL TANNER, EXAMINING ATTORNEY