1  Robert W. Payne (Bar No. 073901)
   rpayne@lgpatlaw.com
2  Alan E. Engle (Bar No. 224779)
   aengle@lgpatlaw.com
3  Nicole A. Smith (Bar No. 243823)
   nsmith@lgpatlaw.com
4  Christopher J. Passarelli (Bar No. 241174)
   cpassarelli@lgpatlaw.com
5  LARIVIERE, GRUBMAN & PAYNE LLP
   Post Office Box 3140
6  19 Upper Ragsdale Drive, Suite 200
   Monterey, CA  93942-3140
7  Telephone: 831-649-8800
   Fax:  831-649-8835

8  Attorneys for Plaintiff
   CLUCK-U, CORP.
9
   Stephen P. Ellingson (SBN 136505)
10 sellingson@hayesdavis.com
   Jamie A. Radack (SBN 221000)
11 jradack@hayesdavis.com
   HAYES DAVIS BONINO ELLINGSON McLAY & SCOTT, LLP
12 203 Redwood Shores Parkway, Suite 480
   Redwood Shores, CA 94065
13 Telephone: 650-637-9100
   Fax: 650-637-8071
14
   Attorneys for Defendants
15 CLUCK UNIVERSITY CHICKEN OF PALO ALTO, LP, d/b/a
   UNIVERSITY CHICKEN SANTA CLARA, LP; UC RESTAURANT
16 MANAGEMENT, INC.; UNIVERSITY CHICKEN, INC.; UNIVERSITY
   CHICKEN FRESNO, LP,; UNIVERSITY CHICKEN SAN JOSE, LLC,; and
17 MICHAEL C. BORNEO

              IN THE UNITED STATES DISTRICT COURT
18
           FOR THE NORTHERN DISTRICT OF CALIFORNIA
19

20 | CLUCK-U, CORP.,                              | ) Case No. C07-04986 CW
   | a Maryland corporation,                      | )
21 |                                              | ) **JOINT CASE MANAGEMENT**
   |                                              | ) **CONFERENCE STATEMENT AND**
22 |              Plaintiff,                       | ) **[PROPOSED] ORDER**
   | v.                                           | )
23 |                                              | )
   | CLUCK UNIVERSITY CHICKEN OF                  | )
24 | PALO ALTO, LP, d/b/a UNIVERSITY              | )
   | CHICKEN SANTA CLARA, a California            | )
25 | limited partnership; et al.,                 | )
   |                                              | )
26 |              Defendants.                      | )

JOINT CASE MANAGEMENT STATEMENT

Pursuant to Civil Local Rule 16-9 and the Standing order for all judges of the Northern District of California, the Joint Case Management Statement below contains the contents required as of March 1, 2007.

1.    Jurisdiction and Service:

a)    This action arises under 28 U.S.C. § 1125 et seq.  Jurisdiction is therefore proper under 28 U.S.C. §1331.

b)    Pendent or supplemental jurisdiction of this Court exists for the state law claims stated herein, each of which arise out of a common nucleus of operative facts with those from which the federal claim arises.

c)    Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c). Defendants' businesses are located within this judicial district, and this complaint concerns violations of both federal and California state law.

d)    Service has been accepted by the opposing party and an Answer has been filed.

1.    Facts:

Facts Not In Dispute

The Complaint alleges that since 1985, plaintiff has been doing business using the mark "CLUCK-U CHICKEN" and related marks in connection with fast food restaurant services. Plaintiff has filed a federal Trademark Registration Application Serial No. 77/285,875 therefor. Plaintiff also alleges trademark rights to the mark "UNIVERSITY CHICKEN," and related marks, with registrations with the United States Patent and Trademark Office, including federal Trademark Registration No. 3137573.

Defendant was a licensee of Plaintiff's predecessor in interest.  Plaintiff alleges it acquired intellectual property, including trademark, copyright, trade secret and trade dress rights by virtue of its use in commerce of various menus, menu item names, recipes, logos, trade names, restaurant decor and styles of doing business.  As part of the licensing relationship, the Complaint alleges that Defendant had been permitted to use such intellectual property rights.

After Plaintiff assumed ownership of the marks, the license was terminated.

The Complaint alleges that Defendants are engaged in trademark infringement by using a confusingly similar trademark of "UNIVERSITY CHICKEN" and also "CLUCK UNIVERSITY CHICKEN" and related marks for fast food restaurant services.  It further alleges that Defendants used Plaintiff's copyrighted images and text, trade dress, and trade secret and proprietary confidential information.  The complaint alleges trademark, trade dress and copyright infringement, trade secret misappropriation, interference with prospective business advantage, unjust enrichment, concealment, constructive fraud, unfair business practices and unfair competition.  It further alleges promissory estoppel in certain assurances that Defendant Michael Borneo provided to Plaintiff upon termination of the license.

Defendants deny all charging allegations in the complaint.  They raise defenses inter alia of: laches, unclean hands, estoppel, waiver, the statute of limitations, consent and acquiescence, and, good faith senior use in a remote geographical area, each of which are denied by Plaintiff.

<u>Facts in Dispute</u>

a)   Whether Defendants are using trademarks which are confusingly similar to Plaintiff's trademarks;

b)   Whether Defendants are using trade dress which is confusingly similar to Plaintiff's trademarks;

c)   Whether Defendants are using Plaintiff's copyright protected material;

d)   Whether Defendants are using Plaintiff's trade secrets and confidential proprietary information in conducting business;

e)   Whether Defendants willfully promised and misrepresented that the unauthorized use of Plaintiff's intellectual property, trade secrets, and confidential proprietary information had ceased;

f)   Whether Defendants profited from unauthorized use of Plaintiff's intellectual property, trade secrets, and confidential proprietary information;

g) Whether Defendants' activities interfered with Plaintiff's ability to develop the business market within the western regions of the United States;

h) Whether Defendants concealed material facts from Plaintiff, inducing Plaintiff to forgo further action to enforce its rights;

i) Whether Plaintiff's actions preclude it from recovery under any of the defenses asserted; and

j) The amount of damages or wrongful profits, if any, to which Plaintiff is entitled.

3.  Legal Issues:  The principal legal issues are:

a) Whether Defendants infringe Plaintiff's registered and unregistered trademarks and service marks;

b) Whether Defendants infringe Plaintiff's distinctive restaurant trade dress by offering services confusingly similar to those offered by Plaintiff;

c) Whether Defendants have infringed Plaintiff's copyright protected images and text;

d) Whether Defendants have misappropriated Plaintiff's trade secrets and confidential proprietary information;

e) Whether Defendants' acts constitute unfair competition as set forth under 15 U.S.C. §1125(a);

f) Whether Defendants' acts constitute unfair business practices as set forth under Cal. Bus. & Prof. Code §17200, et seq.;

g) Whether Defendants are estopped to deny promises, conduct, and representations made to Plaintiffs, and estopped from continuing use of Plaintiff's intellectual property;

h) Whether Defendants are unjustly enriched at the expense of Plaintiff;

i) Whether Defendants' acts constitute interference with Plaintiff's prospective business advantage;

j)   Whether Defendants' engaged in a course of conduct designed to conceal material facts from Plaintiff's knowledge;

k)   Whether Defendants' acts constitute constructive fraud upon Plaintiff; and

l)   Whether Plaintiff's claim is barred by any affirmative defense;

The parties will likely refine these issues or include other appropriate issues as they develop or become known to the parties.

3.   <u>Motions:</u>

There are no motions currently on file.

4.   <u>Amendment of Pleadings:</u>

There are no current plans for amendment of the pleadings. The proposed deadline to amend pleadings is set forth below.

5.   <u>Evidence Preservation:</u>

Both parties have instructed their respective clients to make reasonable efforts to preserve all electronic and other evidence identifiably related to the litigation, and to make reasonable and practical efforts to prevent inadvertent or automated destruction of relevant and material electronic documents. The parties have further agreed that there shall be no waiver of privileges in connection with production of electronically stored information, except upon written notice by the receiving party or acknowledgement by the producing party and failure to dispute or assert privilege within 14 days thereafter. Both parties have sought to suspend any document destruction program that may destroy relevant evidence, and have ceased erasure of related emails, voicemails, and other electronic material.

6.   <u>Disclosures:</u>

Pursuant to Fed. R. Civ. P. 26(a) (1) & Civil L.R. 16-9, the initial disclosure deadline will be on or before February 26, 2008.

7.   <u>Discovery:</u>

As of January 22, 2008, no discovery has been taken. The parties anticipate taking adequate discovery in order to determine the full scope of facts and issues. The parties believe

1    the discovery limits of the Federal Rules of Civil Procedure are sufficient limitation to the

2    discovery of the case at bar.

3          The parties jointly propose the following discovery plan set forth under the Scheduling

4    Plan, below.  No special ordering or phasing is proposed.

5          9.    Class Actions:

6    This is not a class action case.

7          10.    Related Cases:

8    There are no related proceedings pending.

9          11.    Relief:

10   Plaintiff seeks injunctive relief, the reasonable value of goods and services rendered, and

11   both damages and other compensation, plus trebling of damages.

12         12.    Settlement and ADR:

13   Both parties have agreed to early private mediation.

14         13.    Consent to Magistrate Judge for All Purposes:

15   Parties do not consent to referral to a magistrate judge.

16         14.    Other References:

17   This case is not suitable for reference to binding arbitration, a special master, or the

18   Judicial Panel on Multidistrict Litigation.

19         15.    Narrowing of Issues:

20         The parties are unaware of any issues that can be narrowed by agreement or by motion and

21   at this point do not have suggestions to expedite the presentation of evidence at trial.  The parties

22   do not request any bifurcation of issues, claims, or defenses.

23         16.    Expedited Schedule:

24         The parties do not believe that this is the type of case that need be handled on an

25   expedited basis, but propose instead an early mediation date and the following proposed

26   scheduling plan to aid in the expedited resolution of the case.

17.     Scheduling:

Plaintiff and Defendants jointly propose the following scheduling plan:

**PROPOSED SCHEDULING PLAN**

| | |
|---|---|
| Deadline for adding new parties/amendments | June 20, 2008 |
| Last day to complete mediation: | June 20, 2008 |
| Completion of non-expert discovery | November 21, 2008 |
| Disclosure of experts & reports | December 19, 2008 |
| Submittal of rebuttal expert reports | January 23, 2008 |
| Close of expert discovery | February 27, 2009 |
| Last day for hearing dispositive motions: | April 9, 2009 |
| Pretrial conference: | May 19, 2009 |

18.     Trial:

Jury trial has been requested. The parties expect a trial of five (5) days. The parties suggest a trial date beginning on or after June 15, 2009.

19.     Disclosure of Non-party Interested Entities or Persons:

Plaintiff has filed a "Certification of Interested Entities or Persons" and does not have knowledge of any other persons, firms partnerships, corporations (including parent corporations) or other entities that have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.     Other Matters:

None.

//
//
//
//

1    //

2

3    **SIGNATURE AND CERTIFICATION BY PARTIES AND COUNSEL**
        Pursuant to Civil L.R. 16-8, each of the undersigned certifies that he or she has read the
        brochure entitled "Dispute Resolution Procedures in the Northern District of California,"

4    discussed the available dispute resolution options provided by the court and private entities and
        has considered whether this case might benefit from any of the available dispute resolution

5    options.

6    Dated: February 5, 2008                        LARIVIERE, GRUBMAN & PAYNE, LLP

7

8                                                    By: _____
                                                            Robert W. Payne

9                                                        Attorneys for Plaintiff

10

11   Dated: February _____, 2008                    HAYES DAVIS BONINO ELLINGSON McLAY
                                                      & SCOTT, LLP

12

13                                                   By: _____
                                                            Stephen P. Ellingson

14                                                       Jamie A. Radack
                                                          Attorneys for Defendants

15

16   **IT IS SO ORDERED.**

17

18   Dated: _____              _____
                                                      Hon. Claudia Wilken

19                                                   United States District Court Judge

20

21

22

23

24

25

26